**In re HIGH FRUCTOSE CORN SYRUP ANTITRUST LITIGATION.**

**This Document Relates to All Actions.**

**MDL No. 1087.**
**No. 95–1477.**

United States District Court,
C.D. Illinois.

Dec. 28, 1999.

H. Laddie Montague, Jr., Charles P. Goodwin, Berger & Montague, P.C., Philadelphia, PA, Robert N. Kaplan, Gregory K. Arenson, Kaplan, Kilsheimer & Fox LLP, New York City, Michael J. Freed, Edith F. Canter, Barat S. McClain, Much Shelist Freed Denenberg Ament & Rubenstein, P.C., Chicago, Illinois, for plaintiff class.

William F. Marston, Jr., Brian J. Posewitz, David S. Aman, Tonkon Torp LLP, Portland, Oregon, for plaintiff Gray & Company.

Aubrey M. Daniel, III, Steven R. Kuney, Paul Mogin, Williams & Connolly, Washington, D.C., for defendant Archer Daniels Midland Company.

Mark W. Ryan, Robert E. Bloch, Mayer Brown & Platt, Washington, D.C., for defendant Cargill, Incorporated.

Donald R. Harris, Edward F. Malone, Jenner & Block, Chicago, Illinois, for defendant American Maize Products Company.

Terry M. Henry, United States Department of Justice, Civil Division, Washington, D.C., for United States Department of Justice.

## ORDER

MIHM, District Judge.

This matter is before the Court on Class Plaintiffs' Motion Regarding the Preservation or Production of Business Documents Held in Connection with a Grand Jury Investigation of the High Fructose Corn Syrup Industry. For the reasons stated herein, the Motion is MOOT IN PART, GRANTED IN PART, and DENIED IN PART.

### Factual Background

On June 29, 1999, the Department of Justice ("DOJ") sent a letter to this Court stating that the High Fructose Corn Syrup ("HFCS") grand jury proceedings in the United States District Court for the Northern District of Georgia, Atlanta Division, had concluded. (Plt.Ex.I). The DOJ further informed this Court of its intention to contact the parties that had submitted materials either voluntarily or pursuant to subpoenas *duces tecum* in order to coordinate the return of those materials. (*Id.*). On or about July 12, 1999, Class Plaintiffs sent a subpoena *duces tecum* to the DOJ, requesting:

> All documents relating to HFCS produced to, taken by, received by or in the possession of the United States, pursuant to, or in connection with, any search warrant, subpoena, document request, investigative demand, or otherwise at the request of the United States, in connection with any investigation of any violations of the antitrust laws.

(Plt.Ex.J). On or about July 29, 1999, the DOJ wrote a letter to one of Class Plaintiffs' attorneys, informing him that it objects to the subpoena to the extent Plaintiffs are seeking documents submitted by parties other than Defendants ("third-party documents"). Defendants subsequently wrote a letter to Class Plaintiffs on August 3, 1999, expressing their concurrence with the DOJ's objection. However, Defendants' objection focused primarily on the fact that fact discovery in this case closed

on October 31, 1997. (Dec. 31, 1996, Minute Order).

After an informal attempt among the parties and the DOJ did not resolve the dispute, Class Plaintiffs filed the current Motion with this Court. Both the DOJ and Defendants have filed Responses to Plaintiffs' Motion, and the Court heard the parties' oral arguments on December 21, 1999. This Order follows.

### Discussion

The parties and the DOJ agree that there are two types of materials sought by Plaintiffs in the subpoena *duces tecum:* (1) original documents belonging to Defendants in this case, copies of which have already been provided to Plaintiffs; and (2) third-party documents belonging to non-defending persons and/or entities.

With respect to the first category of materials sought by Class Plaintiffs, the DOJ asserts that this is a matter between Plaintiffs and Defendants. The DOJ has no objection on grand jury secrecy grounds to Plaintiffs inspecting and/or copying these documents in light of the fact that Plaintiffs already have copies of everything Defendants have submitted to the DOJ and/or HFCS grand jury. The DOJ further requests that it be relieved of any responsibility for the storage and handling of materials and for mediating between Defendants and Class Plaintiffs.

Defendants have agreed that after the DOJ returns the documents to them, they will maintain the documents at the office of their respective lead counsel who are located in Chicago, Illinois or Washington, D.C. Defendants further represent and agree that with adequate notice they will make the documents reasonably available to Class Plaintiffs counsel for inspection. Class Plaintiffs have represented that this arrangement is agreeable to them. Consequently, Class Plaintiffs' Motion is moot with regard to the first category of materials. If and when Class Plaintiffs desire to inspect the documents, they shall provide Defendants with no less than two business days' notice before doing so. The Court fully expects that the parties will be able to work out any differences between them regarding the inspection of documents at Defendants' lead counsel's office(s). However, if they are unable to do so, the parties shall immediately seek resolution by this Court of any dispute. The DOJ is released from any further obligation to this Court to store, safeguard, and/or maintain Defendants' documents.

█ The real dispute is between the DOJ and Class Plaintiffs, and it deals with the second category of materials—third-party documents. The Court notes parenthetically that although Defendants concur with the DOJ's arguments regarding third-party documents, their standing to take a substantive position on the release of these documents to Class Plaintiffs is questionable. The Court recognizes that Defendants have also objected to the release of third-party documents on the ground that fact discovery is closed in this case, which is an issue that the Court addresses later in this Order.

The DOJ makes two arguments why the third-party documents should not be disclosed to Plaintiffs: (1) Plaintiffs have failed to make the requisite showing for disclosure to occur; and (2) even if Plaintiffs have made the requisite showing, the Motion is procedurally infirm. Because the Court agrees with the DOJ that the Motion is procedurally infirm, it expresses no opinion on whether Plaintiffs have made the requisite showing. Rule 6(e) of the Federal Rules of Criminal Procedure provides, in relevant part:

(D) A petition for disclosure [of matters occurring before the grand jury] ... *shall be filed in the district where the grand jury convened.* Unless the hearing is ex parte, which it may be when the petitioner is the government, the petitioner shall serve written notice of the petition upon (i) the attorney for the government, (ii) the parties to the judicial proceedings if disclosure is sought in connection with such a proceeding, and (iii) such other persons as the court may direct. The court shall

afford those persons a reasonable opportunity to appear and be heard.

(E) If the judicial proceeding giving rise to the petition is in a federal district court in another district, the court shall transfer the matter to that court unless it can reasonably obtain sufficient knowledge of the proceeding to determine whether disclosure is proper. The court shall order transmitted to the court to which the matter is transferred the material sought to be disclosed, if feasible, and a written evaluation of the need for continued grand jury secrecy. The court to which the matter is transferred shall afford the aforementioned persons a reasonable opportunity to appear and be heard.

Fed.R.Crim.P. 6(e)(3)(D) & (3)(E) (emphasis added). The DOJ argues that, pursuant to Rule 6(e)(3)(D), Class Plaintiffs must first petition the district court that presided over the HFCS grand jury. The DOJ further asserts, based on Rule 6(e)(3)(E), that it is only after that court transfers the disclosure matter to this Court with a written evaluation of the need for continued grand jury secrecy that this Court may entertain the disclosure matter. Plaintiffs, however, argue that Rule 6(e) is inapplicable because they are only seeking third-party business documents, and business documents are not "matters occurring before the grand jury," as that term is used in Rule 6(e). Therefore, according to Plaintiffs, this Court has the authority to enforce the subpoena *duces tecum* since it is presiding over a multi-district litigation proceeding. *Cf.* 28 U.S.C. § 1407(b).

In support of its argument that business documents are not matters occurring before the grand jury, Class Plaintiffs cite the Seventh Circuit case of *In re Special March 1981 Grand Jury (Almond Pharmacy)*, 753 F.2d 575 (7th Cir.1985). However, *Almond Pharmacy* does not stand for the broad proposition that business documents are never matters occurring before the grand jury. In that case, the appellants were pharmacies who submitted business documents to a federal grand jury convened in the Northern District of Illinois. When the Illinois Department of Public Aid tried to audit the appellants as part of its responsibility in administering Medicaid, the appellant-pharmacies told the Department that the records it needed for the audit were in the hands of the federal grand jury. The Department subsequently wrote a letter to the Assistant United States Attorney ("AUSA") in charge of the grand jury proceedings, listing therein the category of documents it needed to perform the audits. The AUSA subsequently filed an *ex parte* motion with the chief judge presiding over the grand jury for release of the documents. The motion was granted. *See id.* at 576. The pharmacies appealed, arguing that the records turned over by the United States Attorney to the Department of Public Aid were "matters occurring before the grand jury." *See id.* at 577.

The first question addressed on appeal by the Seventh Circuit was whether the appellants' records were matters occurring before the grand jury. *See id.* The court of appeals noted that if the records were grand jury materials, Rule 6(e)(2) forbids disclosure of those materials, with the exception of those circumstances set forth in Rule 6(e)(3). *See id.* The Seventh Circuit set forth the following test for district courts to apply in determining whether documents are matters occurring before the grand jury:

> The principle has ... emerged that "matters occurring before the grand jury" do not include every document of which the grand jury happens to have custody. If a document is sought for its own sake rather than to learn what took place before the grand jury, *and its release will not seriously compromise the secrecy of the grand jury deliberations,* Rule 6(e) does not forbid its release.

*Id.* at 578 (emphasis added; citations omitted). In other words, if this test is met by the party seeking information or documents that were in the grand jury's custody, the information sought need not meet

one of the exceptions for disclosure listed in Rule 6(e)(3).

The *Almond Pharmacy* court ultimately determined that the documents sought by the Department of Public Aid were not matters occurring before the grand jury. The court reasoned that the Department was not seeking an all-encompassing list of the records that the pharmacies had given to the grand jury. Instead, the Department was requesting specific documents. This distinction was critical to the Seventh Circuit's decision that the documents sought were not matters occurring before the grand jury, since a list of all documents received by the grand jury could have been used to infer the nature and direction of the grand jury investigation. *See id.* at 579.

In the case *sub judice*, Class Plaintiffs have not specified in the subpoena any particular third-party document they are seeking. Instead, they are seeking "[a]ll documents" which is more akin to a list of all documents discussed by the *Almond Pharmacy* court. In fact, Plaintiffs state in their Memorandum in Support that they are "not aware of which documents" are currently in the DOJ's and/or grand jury's possession. (Plt.Mem. of Law at 11). However, even assuming that Class Plaintiffs were seeking specific documents, the judge who presided over the grand jury proceedings must initially evaluate the impact of the release of any document on the secrecy of those proceedings. *See Almond Pharmacy*, 753 F.2d at 578. This is not an evaluation that this Court can make in the abstract, nor is it an evaluation that it is willing to undertake since it would subvert the role of the judge who presided over the grand jury proceedings to initially undertake this matter. *See* Fed.R.Crim.P. 6(e)(3)(E).

Class Plaintiffs make several arguments in their Memorandum in Support as to why secrecy of the grand jury proceedings is not at issue: (1) the grand jury proceedings are over; and (2) the DOJ can notify the third parties of Class Plaintiffs request for documents, which will allow the third parties to object if they so desire. In addition to these two arguments, Plaintiffs argued at the December 21st hearing that some of the documents they are seeking were neither subpoenaed by nor presented to the grand jury, but merely ended up in the custody of the DOJ during the course of its investigation. The Court will address each argument in turn.

■ Although the fact that the grand jury proceedings have come to a close may be a factor favoring release of the third-party documents to Class Plaintiffs, the Court is unaware of any authority that holds that this fact, by itself, automatically warrants disclosure. Furthermore, Plaintiffs have not cited any case that stands for the proposition that this Court can make the secrecy determination concerning a grand jury proceeding over which it did not preside absent a written evaluation from the grand jury court of the need for continued grand jury secrecy. *See* Fed. R.Crim.P. 6(e)(3)(E). In short, the conclusion of grand jury proceedings does not forever and conclusively waive grand jury secrecy or act as a waiver of the jurisdiction of the grand jury court to make the determination of whether documents are matters that occurred before the grand jury and, if so, whether they should be released to third parties.

■ Although Plaintiffs second argument—that the DOJ can provide notice to third parties—has some appeal to it, it does not warrant circumventing Rule 6(e). A third party's failure to object to the release of its documents to Class Plaintiffs does not necessarily mean that release of those materials would not invade the secrecy of grand jury proceedings. As explained by the *Almond Pharmacy* court, there are both institutional and personal interests at stake when grand jury materials are sought. *See Almond Pharmacy*, 753 F.2d at 578–79. The absence of any objection by a third party addresses only the personal interests, not the institutional interests.

As to one of the categories of documents sought—materials in the DOJ's possession which were not obtained by grand jury subpoena and not submitted to the grand jury—an additional issue arises as to whether those materials are "matters occurring before the grand jury." The Court asked Class Plaintiffs and the DOJ during oral argument if they had any authority addressing this issue. Neither knew of any such authority, and the Court's subsequent research has not uncovered any. However, as pointed out by the DOJ, it may be the case that while a third-party document in its possession may not have ever been presented to the grand jury, it may have been referred to or discussed by a grand jury witness. It is difficult to draw a bright line between several possible (and potentially overlapping) categories of documents: documents submitted to the grand jury, documents obtained in response to grand jury testimony but never submitted to the grand jury; documents obtained during the course of the DOJ's investigation and never submitted to the grand jury; documents substantively referred to and discussed by grand jury witnesses that were never submitted to the grand jury; *etc.* Such lines are more appropriately left in the first instance to the grand jury court to draw. *See* Fed.R.Crim.P. 6(e)(3)(E).

In summary, this Court finds that the district court that presided over the HFCS grand jury proceedings must have the initial opportunity to address the disclosure issue. That court must first decide whether it is able to undertake the disclosure inquiry. If the grand jury court cannot obtain sufficient knowledge of these proceedings to determine whether disclosure is appropriate, then, pursuant to Rule 6(e)(3)(E), it will transfer the matter to this Court. While it may be likely that this matter will be transferred under Rule 6(e)(3)(E), this Court cannot circumvent the statutory scheme of Rule 6(e) or begin to address the disclosure issue without first having the benefit of a written evaluation from the grand jury court.

Class Plaintiffs have alternatively requested that this Court impound the third-party documents pursuant to its authority under 28 U.S.C. § 1407(b) or the All Writs Act, 28 U.S.C. § 1651(a). This request is granted in a very limited respect. The Court is directing the DOJ to withhold any action with regard to the third-party documents until close of business on December 30, 1999. If Class Plaintiffs choose to file a motion before the district court that presided over the HFCS grand jury proceedings, they shall do so on or before close of business on December 30, 1999. If a motion is filed by Class Plaintiffs, the extent of the DOJ's duty to store, safeguard, and/or maintain the third-party documents will be determined by the grand jury court until and unless the matter is transferred to this Court pursuant to Rule 6(e)(3)(E). If no motion is filed by Class Plaintiffs before the grand jury court on or before December 30, 1999, the DOJ is released from any further obligation to this Court with regard to the third-party documents, and the issue of third-party documents shall be deemed waived.

The Court now turns to Defendants' argument that fact discovery is closed, and, therefore, the Plaintiffs request for Defendants' and third-parties' documents should be denied regardless of whether said documents can be released. Defendants' argument is not without some merit. However, with regard to inspection of the Defendants' documents, the Court finds that it is in the interest of justice to allow Plaintiffs to inspect the documents submitted to the DOJ and/or grand jury in order to compare those materials to the copies already provided to Plaintiffs. PLAINTIFFS SHALL COMPLETE THIS INSPECTION PROCESS ON OR BEFORE MARCH 3, 1999. With regard to the release of third-party documents, the Court will address on a case-by-case basis whether Plaintiffs should be prohibited from obtaining third-party materials on the ground that Plaintiffs failed to timely seek production of those materials during the

time allowed for fact discovery. This issue may be raised by Defendants by motion or, if the matter is transferred from the Northern District of Georgia to this court under Rule 6(e)(3)(E), during subsequent proceedings pertaining to the release of the materials.

### Conclusion

For the foregoing reasons, Class Plaintiffs' Motion Regarding the Preservation or Production of Original Business Documents Held in Connection with a Grand Jury Investigation of the High Fructose Corn Syrup Industry [# 540–1] is MOOT IN PART, GRANTED IN PART, AND DENIED IN PART.